### HARRIS v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 12, 1926.)

No. 4635.

I. Criminal law ⚬⚬365(2)—That defendant kept house of prostitution held properly shown in prosecution for selling liquor.

Admitting evidence in prosecution for selling liquor and maintaining nuisance, that defendant was also keeping house of prostitution, not as proving separate offense, *held* proper as limited by court.

2. Criminal law ⚬⚬406(6).

In liquor prosecution, testimony of taxi driver that defendant, keeping house of ill fame, paid him agreed commission on money expended by customers, including amount expended for liquor, *held* not hearsay.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Ruth Harris, alias Virginia R. Faust, was convicted under two counts, charging unlawful sale of intoxicating liquor and for maintaining a common nuisance, and she brings error. Affirmed.

Samuel L. Weller, of Detroit, Mich., for plaintiff in error.

David Polasky, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DONAHUE and MOORMAN, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. The indictment in this case contains three counts. The first count charges the unlawful sale of intoxicating liquor on May 25, 1925; the second count charges the unlawful sale of intoxicating liquor on June 8, 1925; and the third count charges the maintenance of a common nuisance as defined in title II of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½ et seq.), at 565 Garfield avenue, in the city of Detroit, between May 8, 1925, and June 8, 1925. The plaintiff in error, Ruth Harris, was convicted upon all three counts.

It is insisted that error intervened to her prejudice in the admission of testimony tending to prove that she was keeping a house of prostitution, and in the admission of the testimony of the witness Ferris, a taxicab driver in reference to her paying him for bringing men to her house.

[1] The character of the business she was conducting at 565 Garfield avenue, Detroit, appeared from testimony tending to prove the offenses charged in the indictment, and consisted largely of statements made to the officers by the defendant and by other inmates of the house at the time this whisky was sold, and as part of the same transaction. It was not introduced for the purpose of proving a separate offense having no relation to the offenses charged, either in point of time or similarity, but was relevant to the issue presented by the indictment and plea. It may be unfortunate for a defendant if the evidence relative to the offense charged tends to prove other offenses. However, regardless of its collateral effect, its admissibility depends upon its competency and relevancy to the issues involved in the case on trial. The court specifically limited the application of this testimony to the offenses charged in the indictment, and instructed the jury that the question of whether she did or did not conduct a house of prostitution in these premises was not a question for its consideration. Williamson v. U. S., 207 U. S. 425, 451, 28 S. Ct. 163, 52 L. Ed. 278; Thaler v. U. S. (C. C. A. 6) 261 F. 746.

[2] The testimony of the witness Ferris was admissible for the reason that he testified that the defendant paid him 25 cents on each $1 expended by the men he brought to her place, and that this included what they expended for

liquor. The objection that this was merely hearsay cannot be sustained. He testified that this was the contract he made with defendant, and that, in pursuance of this contract, she paid him the proportion of the moneys received by her that she had agreed to pay. Whether part of this money was received by her for whisky is not important, but it is important that the contract she made with the witness included and contemplated the receipt from the sale of whisky as indicating her intent of and purpose to sell intoxicating liquor.

Affirmed.